# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In Re:<br><br>SHANE ABRAMS,<br>    Debtor.<br>_____ /<br><br>SHANE ABRAMS,<br>    Plaintiff,<br><br>v.<br><br>BENEFICIAL FLORIDA, INC.<br>ROLFE & LOBELLO, P.A. and<br>AMANDA ROLFE,<br>    Defendants.<br>_____ / | Case No. 8:10-bk-06793-MGW<br>Chapter 13 Case<br><br><br><br><br><br>Adversary No. _____ |

## COMPLAINT FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND UNLAWFUL DEBT COLLECTION PRACTICES

Plaintiff, SHANE ABRAMS, by and through his undersigned attorney and hereby alleges the following against Beneficial Florida, Inc. (BENEFICIAL), ROLFE & LOBELLO, P.A. (ROLFE & LOBELLO) and AMANDA ROLFE:

### PRELIMINARY STATEMENT

1. This is an Adversary Proceeding, under Part VII of the Federal Bankruptcy Rules of Procedure for Defendant/Creditor's violation of the Permanent Injunction as well as an action for damages under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA).

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1334, 28 U.S.C.

§157(b)(2)(O), F.S.A. §559.77 and the standing Order of Reference of the United States District Court, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

3. This is a "Core Proceeding," pursuant to 28 U.S.C. §157(b).

4. Venue is proper, pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SHANE ABRAMS, is a natural person and is a resident of Hillsborough County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) as well as F.S.A. 559.22(2);

6. Defendant, BENEFICIAL, ("Beneficial") is a corporation formed under the laws of the state of Delaware, whose principal address is 636 Grand Regency Blvd. Brandon FL 33510.

7. Defendant, ROLFE & LOBELLO, ("R&L") is a corporation formed under the laws of the state of Florida, whose principal address is 720 Blackstone Bldg., Jacksonville, FL 32202.

8. Furthermore, ROLFE & LOBELLO regularly engages in collecting debt that is owed to others by filing law suits against debtors, by obtaining judgments against them and by collecting on the judgments.

9. AMANDA ROLFE ("Rolfe"), is an attorney employed by Defendant Rolfe & Lobello and regularly engages in collecting debt that is owed to others by filing law suits against debtors, by obtaining judgments against them and by collecting on the judgments.

## FACTUAL ALLEGATIONS

10. The subject debt owed to Beneficial was a debt incurred by Plaintiff as a second mortgage on his home located at 2309 Selkirk Street, Valrico FL 33594. The debt owed to Beneficial was primarily for personal, family or household purposes and is a "debt" or "consumer debt" as the term is defined by 15 U.S.C. § 1692a(5) and F.S.A. 559.55(1)

11. In 2008, Rolfe & Lobello sued Mr. Abrams on behalf of Beneficial on the promissory note and requested a money judgment instead of seeking to foreclose on Mr. Abrams' home.

12. On March 10, 2009 a judgment was entered against Mr. Abrams in favor of Beneficial in the amount of $32,329.69. A copy of the judgement is attached hereto as exhibit "A".

13. On February 5, 2009 a certified copy of the judgment was recorded in the public records of Hillsborough County creating a cloud on title to Mr. Abrams' home.

14. On February 19, 2010, Rolfe & Lobello filed a motion for a continuing writ of garnishment of Mr. Abrams' wages.

15. On March 26, 2010, Mr. Abrams filed a petition for relief under Chapter 13 of the Bankruptcy code.

16. In his Chapter 13 Plan, Mr. Abrams indicated that he intended to surrender his home in full satisfaction of all debt secured by the home.

17. On March 29, 2010 Mr. Abrams' bankruptcy lawyer filed a suggestion of bankruptcy in the state court case and served a copy of the suggestion on Rolfe & Lobello.

18. Mr. Abrams listed Beneficial as a creditor in his case and listed Lawrence C. Rolfe as a party to receive notice of the bankruptcy as well since he appeared to be the attorney

who represented Beneficial.

19. On June 23, 2010, Beneficial filed an unsecured proof of claim in the bankruptcy case and indicated the Mr. Abrams owed $41,934.84.

20. On August 27, 2010, the Bankruptcy Court entered an Order Confirming Mr. Abrams Chapter 13 Plan and on February 23, 2011, the Court entered an Order Allowing and Disallowing Claims and Ordering Disbursements.

21. According to the Order Allowing and Disallowing Claims, Beneficial's Claim was allowed as an unsecured claim.

22. On January 27, 2011, The Hillsborough County Clerk of Court filed a served Clerk's Certificate of Notice indicating that an application for tax deed had been made concerning Mr. Abrams' home located at 2309 Selkirk St. A copy of the certificate is attached hereto as Exhibit "B".

23. Rolfe & Lobello received a copy of said Clerk's Certificate of Notice.

24. On March 9, 2011, Bulent Tavlan filed a Quiet Title action regarding Mr. Abrams's home located at 2309 Selkirk St. and Beneficial was listed as a Defendant to said action due to their recorded certified judgment.

25. Rolfe & Lobello were served with a copy of the complaint to quiet title.

26. On July 7, 2011 the Judgement Quieting Title was entered in favor of Bulent Tavlan. Rolfe & Lobello received a copy of the Judgement Quieting Title. A copy of said Judgment is attached hereto as Exhibit "C".

27. Mr. Abrams made all his plan payments and on June 19, 2015, the Court entered the Discharge of Debtor After Completion of Chapter 13 Plan Payments.

28. Beneficial was paid $6,209.21 of the allowed claim through the Plan.

29. The remaining balance of Beneficial's claim was discharged.

30. Pursuant to 11 U.S.C. §524(a)(1), once the discharge was entered, the judgment in favor of Beneficial was void.

31. Because Mr. Abrams' surrendered his home and, as of July 7, 2011, he was no longer the owner of the real property located at 2309 Selkirk St., he had no real property for Beneficial's certified judgment to attach too.

## Post Discharge Contact by Defendants

32. In 2016, after successfully completing his Chapter 13 case, Mr. Abrams qualified for a mortgage and bought a new home.

33. In November of 2017, Mr. Abrams found out that he had equity in his new home and he decided to refinance. He applied for and was approved for the refinance.

34. However, when it came time to close the new loan, the lender flagged the Beneficial judgment as a potential cloud on the title to Mr. Abrams home.

35. Mr. Abrams told the lender that he had filed bankruptcy and that the debt was discharged. He also provided the title company with a copy of his bankruptcy schedules and discharge.

36. On November 13, 2017, the lender contacted Rolfe & Lobello and requested that they provide a payoff demand or lien release.

37. On November 19, 2017, Amanda Rolfe, responded via e-mail simply stating that the balance was $71,723.00.

38. The Lender responded to Rolfe and requested that she provide a form demand on

Rolfe & Lobello letterhead.

39. On November 21, 2017, Rolfe & Lobello e-mailed a pdf copy of a payoff letter indicating that Mr. Abrams owed Beneficial $71,723.00. A copy of said letter is attached hereto as Exhibit "D".

40. The lender told Mr. Abrams that Rolfe & Lobello indicated that the debt owed to Beneficial was not included in the bankruptcy and that the judgement lien was still valid.

41. The lender also provided a copy of the payoff letter to Mr. Abrams.

42. Scared and confused, Mr. Abrams called Rolfe & Lobello and spoke to Attorney Amanda Rolfe.

43. Mr. Abrams questioned Ms. Rolfe about the payoff letter and reminded her that he had filed bankruptcy.

44. Ms. Rolfe told him that his bankruptcy attorney failed to file a motion to avoid judgment lien in the bankruptcy case and that the Beneficial judgement was a valid lien on his home and she refused to release the judgment so that he could close on the refinance of his home.

45. On November 29, 2017, Mr. Abrams met with his bankruptcy lawyer to discuss the situation.

46. Mr. Abrams signed a retainer agreement with his bankruptcy lawyer for his bankruptcy lawyer to represent him regarding the alleged debt and judgment lien held by Beneficial.

47. On November 30, 2017, Mr. Abrams' attorney sent a detailed letter to Rolfe & Lobello explaining the facts of the case and demanded that they immediately release the

judgment so that Mr. Abrams could close on the refinance. A copy of said letter is attached hereto as Exhibit "E".

48.    Mr. Abrams' attorney sent the letter to Rolfe & Lobello via facsimile and regular U.S. Mail.

49.    On December 6, 2017, Amanda Rolfe of Rolfe & Lobello called Mr. Abrams' attorney to respond to the letter dated November 30, 2017.

50.    Ms. Rolfe insisted that her firm did nothing wrong and no agreement was reached during the phone call.

51.    However, by the end of the day on December 6, 2017, Ms. Rolfe had sent an e-mail to the lender acknowledging that the property Mr. Abrams was trying to refinance had been purchased after the bankruptcy, that the judgment in favor of Beneficial did not attach to this after acquired property and requested that the prior payoff statement be disregarded.

52.    The fact that Ms. Rolfe knew that a motion to avoid judgment lien was not filed during the bankruptcy suggests that she reviewed the bankruptcy filings before submitting the payoff letter to the title company.

53.    A review of the bankruptcy filings would have also indicated that Beneficial filed an unsecured claim in Mr. Abrams' bankruptcy case, that the unsecured claim had been allowed,, that the plan was confirmed, that Beneficial was paid their pro rata share through the bankruptcy and that the debt owed to Beneficial was discharged.

54.    Sending the payoff demand indicating that Mr. Abrams owed Beneficial $71,723.00 after he had successfully completed his Chapter 13 plan and received his discharge was a blatant violation of the permanent injunction against the collection of debts discharged in

bankruptcy.

55. Moreover, Rolfe & Lobello had a duty to contact Beneficial when they discovered that Mr. Abrams was trying to refinance his home and the lender had requested a release of the judgment.

56. Presumably, Rolfe & Lobello satisfied their duty by contacting Beneficial and Beneficial, having filed the unsecured claim and having received distribution through the Chapter 13 plan, knew that the debt was unsecured, was discharged and that Mr. Abrams did not owe $71,723.00.

57. Furthermore, Rolfe & Lobello knew that Mr. Abrams no longer owned the home that he had when he filed his bankruptcy because they received a copy of the Judgment Quieting Title.

58. Due to the actions of Defendants, Plaintiff has had feelings of sickness, doubt, sleeplessness and fear that despite the fact he filed bankruptcy, his debt just does not seem to be going away. Due to Defendants' attempts to collect a discharged judgment and assertion that the discharged judgment attached to a home he purchased after he had completed his bankruptcy, Plaintiff was also required to hire an attorney to represent him to clear title to his new home so that he could move forward with the refinance.

**COUNT I: VIOLATION OF DISCHARGE - AGAINST BENEFICIAL**
**(11 U.S.C. 105 *and* 11 U.S.C. 524)**

59. Plaintiff repeats, re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 58 as if fully restated herein.

60. Defendant, BENEFICIAL, violated the permanent injunction pursuant to 11 U.S.C. § 524(a)(2) by transferring the account to another debt collector for collection after the

bankruptcy discharge was entered.

61. The foregoing acts of Beneficial constitute violations of the permanent injunction pursuant to 11 U.S.C. § 524(a)(2) and this Court has the power to sanction Defendant pursuant to 11 U.S.C. § 105.

62. During all times relevant herein Beneficial was represented by R&L and Rolfe for collection of a discharged debt.

63. Based on the allegations described herein R&L, through Rolfe, explicitly attempted to collect a debt when sending the November 19, 2017 e-mail and the November 21, 2017 collection letter at a time when Beneficial, R&L and Rolfe had actual knowledge of the discharge order which is a willful violation of 11 U.S.C. 524(a)(2).

64. The actions of Beneficial, through its agent R&L and Rolfe, described herein demonstrate a willful pattern of overt acts that violate the discharge order obtained by the Plaintiff which must be stopped.

65. As a result of the above violations of the discharge, the Plaintiff is entitled to recover against Beneficial an award of actual damages, punitive damages, and Plaintiff's legal fees and expenses in a total amount to be determined by this Court pursuant to 11 U.S.C. 105.

### COUNT II: AGAINST ROLFE & LOBELLO AND AMANDA ROLFE
### (11 U.S.C. 105 *and* 11 U.S.C. 524 - Violation of Discharge)

66. Plaintiff repeats, re-alleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 58 as if fully restated herein.

67. At all times relevant herein Defendant R&L employed Defendant Rolfe and both R&L and Rolfe were attempting to collect the discharge debt of Beneficial against the Plaintiff.

68. Based on the allegations described herein R&L, through Rolfe, explicitly

attempted to collect a debt when sending the November 19, 2017 e-mail and the November 21, 2018 collection letter at a time when Beneficial, R&L and Rolfe had actual knowledge of the discharge order which is a willful violation of 11 U.S.C. 524(a)(2).

69. The actions of R&L and Rolfe, described herein demonstrate a willful pattern of overt acts that violation the discharge order obtained by the Plaintiff which must be stopped.

70. As a result of the above violations of the discharge, the Plaintiff is entitled to recover against R&L and Rolfes jointly and severally an award of actual damages, punitive damages, and Plaintiff's legal fees and expenses in a total amount to be determined by this Court pursuant to 11 U.S.C. 105.

**COUNT III: CONTEMPT FOR VIOLATION OF ORDER OF BANKRUPTCY COURT – ALL DEFENDANTS**

71. The Plaintiff realleges all allegations contained in Paragraphs 1 through 58 as if fully restated herein.

72. This Court has jurisdiction of matters of the Bankruptcy Court pursuant to 28 U.S.C. 1334(a).

73. 11 U.S.C. 105(a) permits the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title.

74. On June 19th, 2015 the Debtor received his Chapter 13 Discharge which discharged the liability owed to Beneficial and the Judgment held by Beneficial was void pursuant to 11 U.S.C. 524(a)(1).

75. Despite the release of the lien as a matter of law with the discharge on November 21st, 2017 Defendant R&L, as agent for Beneficial, sent Exhibit D to the Plaintiff which demanded, without any disclaimers, that the Plaintiff owed Beneficial $71,723.00. *See Exhibit*

*D.*

76.     In addition to the demand for money, Defendant R&L, through Rolfe, also in telephonic communications with the Plaintiff between November 21st, 2017 and November 28th, 2017 verbally told the Plaintiff that the Beneficial Judgment was a valid judgment lien despite the discharge.

77.     It was only until December 6th, 2017 when Defendant R&L, through Defendant Rolfe, finally admitted the debt was discharged.

78.     The actions of R&L and Rolfe described herein, collecting on behalf of Beneficial, were all done at a time when the Defendants knew or should have known the legal status of discharged debt of Beneficial.

79.     There is no doubt that the actions of R&L, through Rolfe, prior to December 6th, 2017 were violations of the discharge as after repeated insistence and correspondence from the Plaintiff, the title company, and Plaintiff's Bankruptcy Counsel admitted the proper legal status of the debt.

80.     The acts of Defendants R&L, through Rolfe, in collecting on the debt of Beneficial described herein demonstrate a willful pattern of overt acts that violate the Agreed Judgment Entry which must be stopped by this Court.

81.     As a result of the above violations, this Court must find each of the Defendants individually in contempt of the discharge and enter an award against the Defendants to the Plaintiff, jointly and severally an award of actual damages, punitive damages, and Plaintiff's legal fees and expenses in a total amount to be determined by this Court pursuant to 11 U.S.C. 105.

**COUNT IV: VIOLATION OF FCCPA - AGAINST BENEFICIAL, R&L, AND**

**AMANDA ROLFE**
**(Fla. Stat. 559.72, *et seq.*)**

82. Plaintiff repeats and restates all allegations contained in Paragraphs 1 through 58 as if fully stated herein.

83. Defendant Beneficial violated Fla. Stat. § 559.72(9), by attempting to collect on a debt that it had knowledge of and notice of being discharged in bankruptcy.

84. Defendant Rolfe violated Fla. Stat. § 559.72(9), by attempting to collect on a debt that it had knowledge of and notice of being discharged in bankruptcy.

85. Defendant Amanda Rolfe violated Fla. Stat. § 559.72(9), by attempting to collect on a debt that it had knowledge of and notice of being discharged in bankruptcy.

86. As a result of the actions of each Defendant, Defendants are jointly and severally liable to the Plaintiff for all actual damages and attorneys fees and costs for the violation of the FCCPA. In addition each Defendant is severally liable for the statutory damage to the Plaintiff for the FCCPA violations alleged herein.

**COUNT V: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT - ALL DEFENDANTS**
**(15 U.S.C. 1692, *et seq.*)**

87. Plaintiff repeats, re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 58 as if fully restated herein.

88. Based on the allegations above at the point the debt was discharged in the Chapter 13, no party, including the original creditor Beneficial, had legitimate interest in the debt as it was discharged as a matter of law and Beneficial is a "debt collector" with respect to all attempts to collect the debt herein.

89. The Plaintiff is a "consumer" as that term is defined within the FDCPA.

90. The mortgage loan on the residence was a debt used primarily household purposes.

91. The act of sending the collection notice by Amanda Rolfe, through R & L, seeking to collect a personal judgment on a discharged debt violated 15 U.S.C. 1692(e) and (e)(2) as a false representation to the legal status of the debt which was discharged.

92. The act of sending the collection notice by Amanda Rolfe, through R & L, seeking to collect a personal judgment on a discharged debt violated 15 U.S.C. 1692(f) as an unconscionable means to collect a debt.

93. Despite not actually taking further actions, the Plaintiff is at constant risk of incurring additional unwarranted legal fees and costs as Defendants have clearly demonstrated a willingness to disobey Orders of the Bankruptcy Court and seek to unlawfully collect a discharged and unenforceable debt.

94. In addition the Defendants' conduct has caused the Plaintiff to suffer great emotional distress driven by the fear that he might lose his home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

95. The conduct of Amanda Rolfe and Rolfe, as agents of Beneficial, were outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights.

96. The Defendants are liable to the Plaintiff for actual damages, statutory damages per Defendant, and Plaintiff's attorney's fees and costs.

**COUNT VI: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION - ALL DEFENDANTS**

97. The Plaintiff restates and realleges all allegations contained in Paragraphs 1 through 58 as if fully restated herein.

98. The actions taken by Defendants R&L and Rolfe on behalf of Beneficial by making at least two (2) explicit efforts to collect on the debt and indicating the discharge debt was not discharged and therefore collectible were knowingly false statements to the Plaintiff.

99. By making at least two (2) explicit efforts to collect on the discharged Beneficial debt, Defendants R&L and Rolfes intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns of affairs of the Plaintiff.

100. The Plaintiff at all times since his discharge had a reasonable expectation that the Bankruptcy Court orders would be followed by all parties, including each of the Defendants.

101. Based on the actions of both Defendants R&Land Rolfe described above, *supra*, the Plaintiff was and is embarrassed by the demands to collect on the debt when the Defendants asserted a right to collect personally against the Plaintiff for a debt that was discharged.

102. Defendants R&L and Rolfe's intrusions, on behalf of Beneficial, occurred in a way that would be highly offensive to a reasonable person in the position of the Plaintiff.

103. The Plaintiff has been seriously damaged by the actions of Defendants Beneficial, Rolfes & Lobello, and Rolfe and is entitled jointly and severally to an award of punitive damages in an to be awarded at trial.

**WHEREFORE,** Plaintiff Shane Abrams respectfully requests the following relief against Defendants Beneficial Florida, Inc., Rolfe & Lobello, and Amanda Rolfes:

- A. For an award of actual damages jointly and severally against all Defendants in an amount to be determined at trial for the allegations contained in Counts One through Five pursuant to 11 U.S.C. 105, 15 U.S.C. 1692, and/or Fla. Stat. § 559.77(2) or alternatively under state law as to the allegations contained in Count

Six;

B. For an award of statutory damages of $1,000.00 per Defendant for the violations of Fla. Stat. 559.22(2) contained in Count Four;

C. For an award of statutory damages of $1,000.00 per Defendant for the violations of the FDCPA contained in Count Five;

D. For an award of punitive damages in an amount to be determined at trial jointly and severally against Defendants pursuant to Counts One through Three and/or alternatively under state law as to the allegations contained in Count Six;

E. For an award of Plaintiff's reasonable attorney fees pursuant to 11 U.S.C. 105, 15 U.S.C. 1692, and/or Fla. Stat. § 559.77(2) as to the allegations contained in Counts One through Five; and

F. For all other further relief this Court deems just and proper.

DATED: April 12, 2018                    Respectfully submitted,

/s/G. Donald Golden, Esq.
G. Donald Golden, Esq.
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com
Kelly C. Burke, Esq.
Florida Bar No. 0123506
Email: kelly@brandonlawyer.com
THE GOLDEN LAW GROUP
800-A Oakfield Drive
Brandon, FL 33511
(813) 413-8700
(813) 413-8701 facsimile

/s/Brian D. Flick, Esq.
Brian D. Flick (0081605)
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
Telephone: (216)373-0539

Facsimile: (216)373-0536
notices@dannlaw.com
*Pro Hac Vice Application to be submitted*

*Counsel for Plaintiff Shane Abrams*